```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JAMES MILLER,

    Plaintiff,

v.                                            Civil Action No. 1:05CV71
                                                            (STAMP)

THE AMERICAN NATIONAL RED CROSS,
an organization chartered by Act
of Congress and
WEST VIRGINIA UNIVERSITY HOSPITALS,
INC., a West Virginia corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING WITHOUT PREJUDICE DEFENDANT
WEST VIRGINIA UNIVERSITY HOSPITALS, INC.'S
MOTION TO DISMISS**

I. Procedural History

On March 18, 2005, the plaintiff, James Miller ("Miller"), filed a complaint in the Circuit Court of Mongolia County, West Virginia alleging that the defendant, West Virginia University Hospitals, Inc. ("WVUH"), negligently provided blood tainted with malaria during a blood transfusion at Ruby Memorial Hospital in Morgantown, West Virginia. On April 19, 2005, WVUH removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

On November 16, 2005, this Court held a status and scheduling conference. As agreed upon by the parties in the conference, this Court dismissed without prejudice WVUH's motion to dismiss that was filed in state court and entered a briefing schedule for WVUH to file a motion to dismiss if it deemed appropriate. WVUH filed a

motion to dismiss, on November 18, 2005, pursuant to Federal Rule of Civil Procedure 21(b)(6). The plaintiff responded and WVUH replied. WVUH's motion is fully briefed and ripe for review.

For the reasons state below, this Court finds that defendant WVUH's motion to dismiss should be granted without prejudice.

## II. Facts

WVUH is a health care facility pursuant to the laws of West Virginia engaged in the business of providing health care and medical services to the public. (Compl. ¶ 3.)

On or about March 24, 2003, the plaintiff had a blood transfusion while undergoing a lung biopsy at WVUH. The blood used in the transfusion was collected, screened and/or provided to WVUH by The American National Red Cross ("Red Cross"). On or about January 22, 2004, the plaintiff was contacted by the Red Cross and informed, for the first time, that the blood he was given in his transfusion was tainted with malaria. The plaintiff argues that defendant WVUH breached its duty to properly collect, screen and/or prepare the blood provided to patients at Ruby Memorial Hospital. Plaintiff also argues that WVUH was negligent with respect to its policies and procedures utilized in order to ensure that the blood provided to the plaintiff during the blood transfusion was not tainted with malaria or other diseases or defects.

Plaintiff seeks compensatory damages, including damages for emotional and physical pain, humiliation, embarrassment,

2

degradation, emotional distress, mental anguish, fear, shock, horror, annoyance, inconvenience and the loss of ability to enjoy life, punitive damages, with pre-judgment and post-judgment interest, and attorney's fees.

### III. Applicable Law

Defendant WVUH moves this Court to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6). In assessing a motion to dismiss for failure to state a claim under this Rule, a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs., Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under

3

Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact.  Id. § 1356, at 298.  For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  Id. § 1357, at 304, 310.

Finally, "[a] district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice.  That determination is within the district court's discretion."  Carter v. Norfolk Community Hosp. Ass'n, 761 F.2d 970, 974 (4th Cir. 1985).

## IV.  Discussion

Defendant WVUH argues that this Court should dismiss the complaint because the plaintiff has stated a cause of action for medical professional liability but has failed to follow the requirements set forth in the West Virginia Medical Professional Liability Act, West Virginia Code § 55-7B-6 for bringing such a claim.

In response, the plaintiff argues that the allegations in his complaint do not fall within the scope of the West Virginia Medical Professional Liability Act, W. Va. Code § 55-7B-6, et seq.

4

In reply, defendant WVUH argues that the plaintiff was a patient at West Virginia University Hospitals, Inc. and received an allegedly tainted blood as part of a blood transfusion given to him, and thus, is covered under the West Virginia Medical Professional Liability Act.

A.  <u>West Virginia Medical Professional Liability Act</u>

According to the West Virginia Medical Professional Liability Act, West Virginia Code § 55-7b-2(d), <u>et seq</u>, medical professional liability is defined as "any liability for damages resulting from the death or injury of a person for any tort or breach of contract based on health care services rendered . . . by a health care provider or health care facility to a patient."

1.  <u>Public Policy</u>

In his complaint, plaintiff alleges the tort of negligence against WVUH for improper screening policies and handling of blood provided to the plaintiff while he undergoing a blood transfusion as a patient at WVUH.  The plaintiff argues that his alleged injury is not a tort of negligence based on health care services rendered during a blood transfusion.  Plaintiff asserts that he does not maintain that the blood transfusion was performed negligently.

This Court finds that the plaintiff is claiming that the collecting, screening and/or preparation of blood provided during the blood transfusion to the plaintiff was performed negligently. While the plaintiff is not arguing that the actual blood

5

transfusion was negligently performed, he is arguing that the procedure for screening the blood that was provided as part of a health care service rendered to a patient was negligently screened, collected and/or prepared.  Further, the plaintiff states that the defendant WVUH owes a duty not only to him but to "others similarly situated . . ."  (Pl.'s Resp. at 5.)

The public policy of the Medical Professional Liability Act states that, "as in every human endeavor the possibility of injury or death from negligent conduct commands that protection of the public served by health care providers be recognized as an important state interest."  W. Va. Code § 55-7B-1.  It is an important state interest to properly collect, screen and/or prepare blood that is used at a health care facility.  Accordingly, plaintiff's complaint falls within the public policy interests of the West Virginia Professional Liability Act.

    2.   <u>Ordinary Negligence</u>

Plaintiff argues that his claim is one of ordinary negligence because it regards the "duties of a hospital with respect to the handling of blood and blood related products." (Pl.'s Resp. at 4.) Plaintiff states that the court in <u>Gray v. Mena</u>, West Virginia Supreme Court of Appeals Opinion No. 32507 (2005), found that there are many causes of action that do not amount to medical malpractice, such as fraud, spoilation of evidence, negligent hiring, battery, larceny or libel.  Further, plaintiff argues that

this civil action is similar to the action in Doe v. American National Red Cross, 848 F. Supp. 1228 (1994), which related to the human immunodeficiency virus ("HIV") and the duties that the Red Cross and the hospital have in providing blood to patients.

On the other hand, defendant WVUH argues that Doe is not applicable because it applies to injuries that occurred before June 6, 1986. Plaintiff does note in his response that the analysis in Doe was related to the law prior to the enactment of the West Virginia Medical Professional Liability Act. Id. The plaintiff asserts that this does not affect its reasoning and the medical malpractice claim in this civil action should be treated the same as the claim in Doe. Defendant WVUH argues that the court in Doe acknowledged that the "clear and growing consensus of jurisdictions . . . view the production and safeguarding of the nation's blood supply as a professional activity entitled to a professional standard of care." Doe, 848 F. Supp. at 1231. Accordingly, defendant WVUH argues that the hospital is required to provide a special standard of care, which has been codified in the West Virginia Medical Professional Liability Act. Thus, defendant WVUH asserts that the West Virginia Medical Professional Liability Act reflects the standard set forth in Doe. Id.

This Court finds that the plaintiff's analysis of Doe is not applicable to this civil action because: (1) the Doe case applies to injuries that occurred before June 6, 1986 and (2) since Doe,

7

the legislature has enacted the West Virginia Medical Professional Liability Act, which clearly covers the plaintiff's claim in this civil action. Id. This Court also finds that this case is not a claim of ordinary negligence, such as fraud, spoilation of evidence, negligent hiring, battery, larceny or libel. See Gray, West Virginia Supreme Court of Appeals Opinion No. 32507.

Accordingly, plaintiff's complaint falls within the parameters of the Medical Professional Liability Act.

B. Requirements for a Medical Professional Liability Action

Pursuant to West Virginia Code § 55-7B-6(a), a claimant must follow the prerequisites for filing an action against a health care provider. "At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve . . . a notice of claim on each health care provider the claimant will join in litigation." W. Va. Code § 55-7B-6(b). The notice shall include the theory or theories of liability, a list of all health care providers and facilities who will be receiving a claim and a screening certificate of merit executed by a qualified expert health care provider. Id. If the plaintiff believes that no screening certificate is necessary, then he or she must provide a statement setting forth the alleged legal theory that does not require supporting expert testimony. W. Va. Code § 55-7B-6(c).

In this civil action, the plaintiff has not followed the required procedures for filing an action against a health care provider under the Medical Professional Liability Act. The plaintiff has brought a claim alleging the tort of negligence but has not provided a screening certificate or, in lieu of the screening certificate, filed a statement regarding the reason why none is required. See W. Va. Code § 55-7B-6(b)(c). Thus, this case must be dismissed without prejudice and the plaintiff can bring his claim according to the above-stated requirements.

## V. Conclusion

For the reasons stated herein, the defendant West Virginia University Hospital, Inc.'s motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is hereby GRANTED WITHOUT PREJUDICE.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: February 28, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE